UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DEBRA RICHTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:14-CV-261-TLS |
| | ) | |
| BOB EVANS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Bob Evans Farms, LLC's Motion to Dismiss [ECF No. 7]. The Defendant claims that the Plaintiff's Complaint, which asserts a claim for retaliation in violation of both Title VII and Fort Wayne City Ordinance G-21-78, can be dismissed for any one of three reasons: (1) it fails to allege the existence of facts to suggest that the Plaintiff engaged in protected activity; (2) the Plaintiff did not suffer any legally actionable adverse employment action; and (3) there is no causal relationship between the Plaintiff's alleged protected activity and any action that Bob Evans took against her. In support of its Motion, the Defendant submits the Declaration of Devra Cornell, its Director of Human Resources. In response to the Defendant's Motion, the Plaintiff files a Brief in Opposition [ECF No. 11], also with Declarations attached. The Defendant's Reply [ECF No. 12, likewise, includes additional sworn statements by Cornell in her position as the Defendant's Director of Human Resources.

In ruling on Rule 12(b)(6) motions to dismiss, courts generally must confine their inquiry to the factual allegations set forth within the operative complaint. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). When parties seeking dismissal under Rule 12(b)(6) submit documents with their motions to dismiss, courts can either ignore the documents or

convert the motion to a motion for summary judgment. Fed. R. Civ. P. 12(d); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Venture Ass'n Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). At this early stage in this litigation, the Court does not convert the motion to dismiss to one for summary judgment, but disregards the Declarations submitted by the parties and confines its analysis to the Complaint and the documents referenced in and attached to the Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court must accept all of the factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Under the liberal notice pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not contain detailed facts, but surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Because the second and third basis for dismissal argued in the Defendant's Motion would require the Court to consider matters outside the pleadings, the Court only considers the first basis—that the Plaintiff has not pled facts to plausibly show that she engaged in activity that is

2

protected by Title VII.

According to the Plaintiff's Complaint, she was working at Bob Evans when her son filed a complaint of discrimination with the City of Fort Wayne Metropolitan Human Relations Commission on December 6, 2012. The Plaintiff's son was also working at Bob Evans. During the week of August 5, 2013, the staff and management "participated in an investigation" into his complaint. (Compl. ¶ 8.c, ECF No. 3.) On August 11, 2013, the Plaintiff was called at home and told she was placed on suspension. The Plaintiff was suspended from work for fourteen days, and upon her return was placed on a final written warning. She believes the conduct is unlawful retaliation.

Title VII prohibits an employer from retaliating against an employee because "he has opposed any practice made an unlawful employment practice" under the statute, "or because he has made a charge, testified, assisted, or participated in any manner in" a Title VII "investigation, proceeding, or hearing." 42 U.S.C.A. § 2000e-3(a).[1] The purpose of the anti-retaliation provision of Title VII is to prevent the deterrence of employee claims. *See Heuer v. Weil-McLain*, 203 F.3d 1021, 1023 (7th Cir. 2000).

The Complaint does not suggest that the Plaintiff opposed any practice made unlawful under Title VII. It was the Plaintiff's son, not the Plaintiff, who filed the complaint of discrimination. However, if the Defendant took adverse action against the Plaintiff in response to her son's complaint, it violated Title VII because a reasonable worker might well be dissuaded

---

[1] The Plaintiff has also sued under the antidiscrimination and antiretaliation ordinance adopted by the City of Fort Wayne, Indiana. The ordinance is entirely consistent with federal statute and the policies behind the local ordinance are the same as those behind the federal statute. *See Hughes v. Wal-Mart Stores E. LP*, No. 1:11-CV-400, 2013 WL 3155400, at *9 (N.D. Ind. June 20, 2013) (finding federal law persuasive in interpreting the Fort Wayne antidiscrimination ordinance).

from making a charge of discrimination if he knew his mother would be suspended from her employment as a result. *See Thompson v. N. Am. Stainless LP*, 562 U.S. 170, —, 131 S. Ct. 863, 867–68 (2011) (finding that if an employer fired the fiancé of the employee who filed a charge of discrimination it would constitute unlawful retaliation); *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (holding that Title VII's antiretaliation provision prohibits any employer action that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination") (internal quotation marks omitted). Although it is not the Plaintiff's son who initiated this suit, the Supreme Court has ruled that Title VII's provision for the initiation of a civil suit by "the person claiming to be aggrieved," 42 U.S.C. § 2000e-5(f)(1), is satisfied by an employee who suffered the materially adverse action in retaliation for another employee's protected activity. *Thompson*, 131 S. Ct. at 870 (interpreting Title VII to enable suit by any plaintiff with an interest that was arguably sought to be protected by the statute and thus within the intended "zone of interests").

Here, the Plaintiff was an employee of the Defendant company. However, she has not alleged that the Defendant took adverse action against her in order to punish her son for filing a charge of discrimination eight months earlier. Rather, the Plaintiff appears to be bringing her claim under the participation clause of Title VII's antiretaliation provision. She alleges that the Defendant's conduct was "retaliation for [her] participation in her son's complaint." (Compl. ¶ 8.f.) This allegation, however, is a conclusion that is not entitled to a presumption of truth, *see McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) ("legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth"), and the Plaintiff does not otherwise allege any facts to suggest that she participated in the

Defendant's investigation into her son's complaint. Although the Plaintiff asserts that "staff and management participated in an investigation," she gives no indication that she was one of the staff members who took part. And simply being aware that the matter was being investigated is not analogous to participating in that investigation. *See, e.g., Burlington*, 548 U.S. at 63 (noting that the antiretaliation provision of Title VII "seeks to prevent harm to individuals based on what they do, *i.e.*, their conduct"). Without a factual allegation indicating that the Plaintiff *did* anything, the right to relief under the participation clause does not rise above the speculative level, as the Court is left to guess whether the Plaintiff herself engaged in activity protected by Title VII.

It is not entirely clear whether the Plaintiff is pursuing a third party reprisal claim based on her son's protected activity, or is claiming retaliation based on her own participation in an investigation. The Defendant is entitled to know, even at this stage of the litigation, whether the Plaintiff is claiming she was suspended from work simply because her son filed a complaint, because she participated in the investigation of his complaint, or both. Without this detail, the Defendant does not have "fair notice of what the claim is and the grounds upon which it rests," *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). *See EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 782 (7th Cir. 2007) (holding that requiring more detail concerning the plaintiff's protected activity in a Title VII retaliation case was not an adoption of fact pleading or imposition of the heightened pleading required in some types of claims, but was "only to insist upon easily provided, clearly important facts").

For this reason, the Court will grant the Motion to Dismiss, but the dismissal will be without prejudice and with leave to file an amended complaint to the extent the Plaintiff is able

5

to cure the defect identified above. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *see also Carmody v. Bd. of Trustees of Univ. of Ill.*, 747 F.3d 470, 480 (7th Cir. 2014) ("In general, a district court should freely give leave to amend to cure curable defects, at least where there is no undue delay or undue prejudice to the opposing party.").

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant's Motion to Dismiss [ECF No. 7]. The dismissal is WITHOUT PREJUDICE and WITH LEAVE to file an Amended Complaint on or before October 22, 2014.

SO ORDERED on September 22, 2014.

                                        s/ Theresa L. Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT