UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| DEBRA RICHTER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 1:14-CV-261-TLS |
| BOB EVANS, | ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Bob Evans Farms, LLC's Motion to Dismiss Plaintiff's First Amended Verified Complaint [ECF No. 19]. The Plaintiff filed her First Amended Verified Complaint after the Court issued an Opinion and Order [ECF No. 14] dismissing the Plaintiff's original Complaint without prejudice and with leave to file an amended complaint. The Court had concluded that the original Complaint did not give the Defendant "fair notice of what the claim is and the grounds upon which it rests," *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008), because it was not clear whether the Plaintiff's retaliation claim was a third party reprisal claim based on her son's protected activity, or was based on her own participation in an investigation. The Court noted that the Plaintiff's pleading contained only a conclusory allegation that her employer investigated her son's complaint, but no factual allegations to suggest that she participated in any manner in the Defendant's investigation of her son's charge of discrimination. But the Complaint did not allege that the Defendant took adverse action against the Plaintiff as a means to punish her son for his protected activity either. Thus, it was unclear what the Plaintiff was claiming as the reason her employer took adverse action.

In its Motion to Dismiss the First Amended Verified Complaint, the Defendant complains

that the Plaintiff's amended pleading does not cure the original deficiencies, and points to several confusing statements. For example, the Plaintiff alleges that her son filed a complaint with Metro on December 6, 2012, which alleged "that Defendant retaliated against *her* in employment." (First Am. Compl. ¶ 8(b) (emphasis added)). The Defendant notes that the son's charge did not make any claims related to the Plaintiff. The Court reads the reference to "her" as a typographical error, and finds that it is a reasonable to infer that the Plaintiff intended to allege that her son filed a charge complaining that *h*e was retaliated against. In any event, the important aspect of the allegation is that the Plaintiff's son engaged in protected activity by filing a charge of discrimination against his employer. The exact contours of his charge is extraneous material that does not undermine the presentation of the pertinent fact.

In the original Complaint, the Plaintiff alleged that staff and management participated in an investigation of her son's complaint during the week of August 5, 2013. As the Defendant points out, the Plaintiff now confusingly alleges that "Metro investigate[d] Plaintiff's charge of discrimination with defendant on August 8, 2013." (Am. Compl. ¶ 8d.) This cannot be correct. The Plaintiff did not file her charge of discrimination with Metro until eleven days later, on August 19, 2013. It is reasonable to infer that the Plaintiff intended to allege that Metro was investigating her son's complaint on August 8, 2013.

The Defendant argues that the allegations the Plaintiff added in paragraphs 8 and 10 do not address the pleading deficiencies identified by the Court. Specifically, the Defendant claims that nowhere in Plaintiff's First Amended Complaint did the Plaintiff allege: "(1) that Bob Evans took adverse action against her in order to punish her son for filing a charge of discrimination; or (2) any factual details to indicate how (or whether) she participated in the

investigation of her son's charge." (Def.'s Br. in Supp. 4, ECF No. 20.) The Court agrees with respect to the latter, but takes a different view of the former. In paragraph 8(c), the Plaintiff provides factual support for her claim that the Defendant took adverse action against her as a means to punish her son. She alleges that the Defendant was aware of her familial relationship, and that she complained "as to her son's charge of discrimination." Although the exact nature of these complaints are not provided, the fact that her employer was aware that it was the Plaintiff's son who had filed the charge of discrimination lends factual support to her claim that she was penalized to dissuade her son from complaining. It is sufficient to put the Defendant on notice of the nature of her claim, particularly in light of her Charge of Discrimination, in which she alleged that she believed her employer's actions were "in retaliation for my son's complaint of discrimination." (Ex. A to First Am. Compl., ECF No. 16-1.) The pleading also sets forth the specific adverse actions that the Plaintiff maintains her employer took against her, and when these actions took place, which was shortly after her employer was required to deal with Metro's investigation into her son's complaint.

Although it must be somewhat cobbled together, the Plaintiff has set forth a discernable claim upon which relief may be granted, specifically a claim based on third party reprisal. *See Thompson v. N. Am. Stainless LP*, 562 U.S. 170, —, 131 S. Ct. 863, 867–68 (2011) (finding that if an employer fired the fiancé of the employee who filed a charge of discrimination it would constitute unlawful retaliation). The basic notice-pleading standard of Federal Rule of Civil Procedure 8 remains intact, *see Tomayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008), and the Plaintiff has set forth enough to show that recovery is plausible. In other words, as the Court asks "*could* these things have happened, not *did* they happen," the Plaintiff has "give[n] enough

details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). She has identified the type of discrimination she thinks occurred, by whom, and when. In making this finding at this preliminary stage of the litigation, the Court concludes only that the Plaintiff is entitled to take the next step in the litigation.

The Amended Complaint, however, contains no facts to support the conclusory allegation that her employer took adverse action "in retaliation for Plaintiff's participation in her son's complaint for discrimination." (First Am. Compl. ¶ 8(g).) There is simply no factual assertion that she ever participated in an investigation. Thus, there is no plausible claim before the Court that the Defendant took adverse actions against the Plaintiff in response to her own protected activity.

Finally, the Court notes that the Defendant's Motion incorporates and reasserts the entirety of its original Motion to Dismiss [ECF No. 7], which argued several grounds for dismissal. As the Court explained in its previous Order, the other grounds for dismissal that the Defendant argued would require the Court to consider matters outside the pleadings, which is not proper under Rule 12(b)(6) unless the Court converts the Motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). The Court declines to convert the Motion.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant Bob Evans Farms, LLC's Motion to Dismiss Plaintiff's First Amended Verified Complaint [ECF No. 19].

SO ORDERED on December 10, 2014.

     s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT